C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
JAMEL ETHRIDGE,

                     Petitioner,

      - against -

EARL BELL,

                     Respondent.
------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

20-cv-1380 (BMC)

**COGAN**, District Judge.

      Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 from his state court conviction by guilty plea to various illegal weapons possession, drug charges, and traffic violations. The case arises out of a car chase when police observed petitioner talking on his cell phone while driving, pulled him over, and petitioner then sped away. He ultimately crashed into several parked cars and fled on foot. After the police apprehended him and found drugs in his pocket, they searched the rental car that he was driving and also found a gun in the trunk.

      At his suppression hearing, petitioner contended, among other things, that he had not consented to the search of the trunk, only authorizing the police to obtain the rental agreement from the car, but the suppression hearing court found lack of standing (it was his girlfriend's rental car), abandonment (because he had run away from the car), and consent. It also found that the drugs were uncovered during a search incident to a lawful arrest.

      Notwithstanding his guilty plea, petitioner exercised his right under New York criminal procedure law to appeal the hearing court's denial of his suppression motion. The Appellate

Division affirmed on the merits, and the New York Court of Appeals denied leave to appeal. People v. Ethridge, 175 A.D.3d 552, 104 N.Y.S.3d 915 (2nd Dep't), leave to appeal den., 34 N.Y.3d 1016, 114 N.Y.S.3d 758 (2019).

Petitioner seeks to reprise his illegal search claim as the sole basis for habeas corpus relief. However, the issue is not cognizable on federal habeas corpus review. In Stone v. Powell, 428 U.S. 465 (1976), the Supreme Court held that federal habeas corpus review is unavailable for Fourth Amendment claims where the petitioner has had the opportunity to fully litigate the claim in state court: "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 494. The Supreme Court reasoned that, in the habeas context, "the contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment is minimal, and the substantial societal costs of application of the rule persist with special force." Id. at 494-95.

Based on Stone, the Second Circuit has held that habeas review of decisions implicating the exclusionary rule is limited to situations in which "the state provides no corrective procedures at all to redress Fourth Amendment violations," or where there is a corrective procedure "but in fact the defendant is precluded from utilizing it by reason of an unconscionable breakdown in that process . . . ." Gates v. Henderson, 568 F.2d 830, 840 (2d Cir. 1977) (en banc). Courts have repeatedly recognized that New York provides an adequate corrective procedure for Fourth Amendment claims. See, e.g., Capellan v. Riley, 975 F.2d 67 (2d Cir. 1992); Guzman v. Greene, 425 F. Supp. 2d 298 (E.D.N.Y. 2006); Crispino v. Allard, 378 F. Supp. 2d 393 (S.D.N.Y. 2005). For this reason, courts within this Circuit have almost uniformly

held that challenges to a state court's rulings as to the application of the exclusionary rule are not reviewable under Stone. See, e.g., Marino v. Superintendent, Franklin Correctional Facility, No. 17-cv-1650, 2019 WL 1232088, at *4-5 (E.D.N.Y. March 15, 2019); Coleman v. Racette, No. 15-cv-4904, 2019 WL 948401, at *9-10 (S.D.N.Y. Feb. 2, 2019); Doll v. Chappius, No. 15-cv-6400, 2018 WL 6310191, at *9 (W.D.N.Y. Dec. 3, 2018); Wilson v. Graham, No. 17-cv-0863, 2018 WL 6001018, at *5-6 (N.D.N.Y. Nov. 15, 2018); Holley v. Cournoyer, No. 17-cv-587, 2018 WL 3862695, at *4-5 (D. Conn. Aug. 14, 2018); Ala v. Vermont, No. 10-cv-221, 2011 WL 1843045, at *4 (D. Vt. April 4, 2011).

Here, there is no question of the adequacy of the state law remedy. Petitioner fully litigated the Fourth Amendment issues through the hearing court, the Appellate Division, and by a leave application to the Court of Appeals. Under these circumstances, the state courts have provided petitioner a full and fair opportunity to raise his Fourth Amendment claim, and he has no right to federal habeas corpus review.

Accordingly, the petition for habeas corpus relief is denied, and the case is dismissed. A certificate of appealability shall not issue as petitioner has failed to demonstrate a substantial issue concerning the denial of a constitutional right. See 28 U.S.C. § 2253(c). An appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purposes of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      April 17, 2020