C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
JAMEL ETHRIDGE,
                                       **MEMORANDUM DECISION AND ORDER**

                  Petitioner,

                                       20-cv-1380 (BMC)

        - against -

EARL BELL,

                  Respondent.
-------------------------------------------------------------- X

**COGAN**, District Judge.

    After examining the state court record in this case, I dismissed petitioner's habeas corpus petition under 28 U.S.C. § 2254 because the only claim that he raised was a Fourth Amendment violation, and the application of the exclusionary rule is not subject to habeas corpus review under Stone v. Powell, 428 U.S. 465 (1976). Petitioner has moved for reconsideration, contending that respondent waived Stone and, in any event, I should not have raised it *sua sponte*.

    Respondent could not have waived Stone because he never had an opportunity to respond to the petition. Rule 5(a) of the Rules Governing Section 2254 Cases in the United States District Courts states: "The respondent is not required to answer the petition unless a judge so orders." Here, I expressly ordered respondent not to answer the petition, subject to further order once I reviewed the record.

    Upon review of the record, it was plain that plaintiff could not overcome Stone and his petition was therefore dismissed on that basis. My determination was fully in line with all of the

authorities, which either require the district court to raise Stone *sua sponte*, see Woolery v. Arave, 8 F.3d 1325, 1326-27 (9th Cir. 1993), or permit the district court to do so. See, e.g., United States v. Ishmael, 343 F.3d 741, 743 (5th Cir. 2003); Herrera v. Lemaster, 225 F.3d 1176 (10th Cir. 2000); Tart v. Massachusetts, 949 F.2d 490, 497 n.6 (1st Cir. 1991); Breazil v. Superintendent Artis, No. 15-cv-1912, 2015 WL 9581816, at *12 n.5 (E.D.N.Y. Dec. 30, 2015). These cases make it clear that Stone represents "a categorical limitation on the scope of the [judicially-created] exclusionary rule." Woolery, 8 F.3d at 1326.

Dismissal of the petition on Stone grounds was particularly appropriate here for two reasons. First, it is well established that New York state criminal procedure law provides ample opportunity to fully litigate Fourth Amendment claims. See Capellan v. Riley, 975 F.2d 67 (2d Cir. 1992); Jones v. Brandt, No. 09-cv-1035, 2013 WL 5423965, at *10 n. 142 (S.D.N.Y. Sept. 26, 2013); Crispino v. Allard, 378 F. Supp. 2d 393 (S.D.N.Y. 2005). For this reason, courts within this Circuit have almost uniformly refused to review challenges to a New York state court's rulings as to the reach of the exclusionary rule under Stone. See, e.g., Marino v. Superintendent, Franklin Correctional Facility, No. 17-cv-1650, 2019 WL 1232088, at *4-5 (E.D.N.Y. March 15, 2019); Coleman v. Racette, No. 15-cv-4904, 2019 WL 948401, at *9-10 (S.D.N.Y. Feb. 2, 2019); Doll v. Chappius, No. 15-cv- 6400, 2018 WL 6310191, at *9 (W.D.N.Y. Dec. 3, 2018); Wilson v. Graham, No. 17-cv-0863, 2018 WL 6001018, at *5-6 (N.D.N.Y. Nov. 15, 2018); Holley v. Cournoyer, No. 17-cv-587, 2018 WL 3862695, at *4-5 (D. Conn. Aug. 14, 2018).

Second, the record in this case discloses that petitioner did, in fact, fully litigate his Fourth Amendment claim. He had a pretrial suppression hearing at which three police officers testified and were cross-examined; he had a hearing in the Appellate Division from the denial of

2

his suppression motions which affirmed that ruling on the merits; and he sought leave to further appeal to the New York Court of Appeals from the Appellate Division's affirmance. See People v. Ethridge, 34 N.Y.3d 1016, 114 N.Y.S.3d 758 (2019), denying leave to app. from, 175 A.D.3d 552, 104 N.Y.S.3d 900 (2nd Dep't).

Thus, the state courts' rulings represent the quintessential case for the application of Stone.

The motion for reconsideration [10] is therefore denied. A certificate of appealability shall not issue. See 28 U.S.C. § 2253(c). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from the Court's Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438 (1962).

**SO ORDERED.**

                                                                        U.S.D.J.

Dated: Brooklyn, New York
       May 28, 2020