C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
JAMEL ETHRIDGE,

                      Petitioner,

      - against -

EARL BELL,

                      Respondent.
-------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

20-cv-1380 (BMC)

**COGAN**, District Judge.

By Memorandum Decision and Order entered April 17, 2020 (the "2020 decision"), I denied petitioner's request for a writ of habeas corpus under 28 U.S.C. § 2254(d) pursuant to the rule of Stone v. Powell, 428 U.S. 465 (1976).  As the 2020 decision noted, Stone held that federal habeas corpus review is unavailable for Fourth Amendment claims where the petitioner has had the opportunity to fully litigate the claim in state court: "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  Id. at 494.

The 2020 decision also noted that Stone is inapplicable if "the state provides no corrective procedures at all to redress Fourth Amendment violations," or where there is a corrective procedure "but in fact the defendant is precluded from utilizing it by reason of an unconscionable breakdown in that process . . . ."  Gates v. Henderson, 568 F.2d 830, 840 (2d Cir. 1977) (en banc).  The 2020 decision cited some of the many prior decisions holding that the New York Criminal Procedure Law provides an adequate corrective procedure with regard to

litigating Fourth Amendment claims, see, e.g., Capellan v. Riley, 975 F.2d 67 (2d Cir. 1992); Guzman v. Greene, 425 F. Supp. 2d 298 (E.D.N.Y. 2006); Crispino v. Allard, 378 F. Supp. 2d 393 (S.D.N.Y. 2005), and, in fact, there is no decision to the contrary. In addition, based on the record in this case, I found that petitioner had, in fact, fully litigated the Fourth Amendment issues through the hearing court, the Appellate Division, and by a leave application to the Court of Appeals. His petition therefore did not fall within the exceptions to Stone.

The Second Circuit vacated and remanded on the ground that this Court had acted *sua sponte* in invoking Stone, thus not affording petitioner an opportunity to be heard on whether Stone should be applied to his case. Ethridge v. Bell, 49 F.4th 674 (2d Cir. 2022). On remand, pursuant to the Circuit's Mandate, I ordered petitioner to show cause why Stone should not bar his claim. Having reviewed petitioner's response, I hold that petitioner has failed to demonstrate that he falls within either of the exceptions to Stone and that there is no reason why the rule in Stone should not bar his claims.

Although not entirely clear, petitioner's argument to show he was deprived of the opportunity to fully litigate his Fourth Amendment claims appears to be that the decision of the Appellate Division did not include factual findings. The Appellate Division held:

> The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress the gun that was recovered from the vehicle. As the People correctly contend, the evidence they presented at the suppression hearing established that the defendant abandoned the vehicle when, after crashing it into several parked cars, he fled from the scene of the accident, leaving the driver's side door open and the keys in the ignition, thereby undermining any claim he may have had to an expectation of privacy in the vehicle or its contents. Accordingly, the defendant lacked standing to challenge the search of the vehicle and the subsequent seizure of the gun.

People v Ethridge, 175 A.D.3d 552, 553, 104 N.Y.S.3d 915, 916 (2nd Dep't) (citations omitted), leave to appeal den., 34 N.Y.3d 1016, 114 N.Y.S.3d 758 (2019).   To this, petitioner argues that:

> In this case the Appellate Division failed to provide Petitioner with any corrective procedure to litigate his Fourth Amendment claim, when [its] decision failed to include any factual analysis. Where a state court does not resolve a question of fact, no presumption of correctness can possibly attach with respect to that issue, see Anderson v. Miller [sic], 346 F3d 324 (2d Cir. 2003). Here, Petitioner's direct appeal was affirmed. In a brief order the Appellate Division affirmed decision [sic] did not include any factual finding, nor did the Appellate Division provide Petitioner with a corrective appellate procedure. The Appellate Division held that the Petitioner lacked standing to challenge the search of the rental vehicle and subsequent seizure of the gun. In totality the Appellate Division did not provide a rational condiction [sic] for inquiry into federal law.

First, petitioner's reference to a "presumption of correctness" is misplaced.  Stone does not create a "presumption of correctness" and that is not part of the reason for declining to hear Fourth Amendment claims on federal habeas corpus review.

In addition, putting aside any discretion the Appellate Division may have had to disagree with the hearing court's factual findings and make its own, see Wynn v. Lempke, No. 08-cv-3894, 2009 WL 982754, at *8 (S.D.N.Y. April 10, 2009), citing, People v. Neely, 219 A.D.2d 444, 447, 645 N.Y.S.2d 494, 496-98 (2d Dep't 1996), it certainly was not constitutionally required to exercise such discretion.  It was entitled to adopt the hearing court's factual findings that after petitioner crashed the car, he fled, leaving the door open and the keys in the ignition.  Based on those facts, the Appellate Division upheld the hearing court's legal conclusion that petitioner had abandoned the car and thus lacked standing to challenge the search.  That legal conclusion may have been right, or it may have been wrong, but either way, it does not constitute "an unconscionable breakdown" in the determination of petitioner's Fourth Amendment claim.

Petitioner has now had the opportunity to argue why Stone should not bar his claim, and his argument is not persuasive.  Accordingly, his petition is denied and the case is dismissed.  A

3

certificate of appealability shall not issue as petitioner has failed to demonstrate a substantial issue concerning the denial of a constitutional right. See 28 U.S.C. § 2253(c). An appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purposes of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
February 28, 2023

4